JAMES H. FAULKNER, Retired Justice.
Early David Lamar was indicted by the grand jury of Covington County for bribing Jennifer Larkins, a witness or a person he believed would be called as a witness, with intent to corruptly influence her testimony in the case of State v. Lamar, CC-89-324, in the Circuit Court of Covington County, in violation of § 13A-10-121, Code of Alabama 1975. Lamar was tried before a jury and was found guilty as charged. The trial court overruled Lamar’s motion for judgment of acquittal and his subsequent motion for acquittal notwithstanding the verdict. Following these denials, the trial court sentenced Lamar to two years in prison. His sentence runs concurrently with two other sentences that he had previously received. This appeal followed.
The record shows that Early David Lamar, who is no stranger to the criminal court systems of Florida and Alabama, was charged with and convicted of unlawful distribution of controlled substances in Case No. CC-89-324, Circuit Court of Cov-ington County, on June 25, 1990. On July 25, the trial court sentenced him to 10 years in the State penitentiary. It is in Case No. 89-324 that Lamar allegedly bribed Jennifer Larkins.
In the bribery case, Ms. Larkins was the State’s principal witness. Larkins testified on direct examination that she had known Early David Lamar for about four or five years. Both Lamar and she lived in Samson, and before and during the trial of this case she lived in Opp. Lamar lived across the street from her in Opp. Sometime during the month of January or February 1990, while Lamar’s drug charge was pending in the circuit court, Larkins had a conversation with Lamar in front of the recreational center. Lamar asked her if she would testify that Lamar had never driven an automobile belonging to someone named Curtis and that she had been to a club with Curtis once or twice on a “two-for-one night.” Additionally, Lamar told Larkins *1114 that he wanted her to testify that she had seen Curtis selling drugs.
Two or three weeks later, Larkins went to talk with Lamar’s lawyer about her testimony in the forthcoming drug trial. After talking with Lamar’s lawyer, Larkins met and talked with Lamar again. They talked while seated in Lamar’s car. He told her that he had another appointment, and he would let her know when to come talk to his lawyer. At that time and place, she said that Lamar gave her “a piece of rock.” Lamar, at her request, had bought Larkins a beer after she had talked with his lawyer. This was the first time, she said, that he had given her cocaine.
The “piece of rock” — cocaine—that Lamar gave Larkins cost about $20.00, according to her. She did not say what the beer cost. Nothing was said by either Lar-kins or Lamar about the case when he gave her the cocaine. She just took it and got out of his car.
On cross-examination, Larkins testified that she told Lamar that she would testify, in the drug case, as to the matters that she was sure of; that she would testify that she had been to the Flamingo Club with Curtis; and that she had never known Lamar to drive Curtis’s car. She further testified that she had never seen Curtis selling drugs. She said that she could testify honestly to those things. The only thing that she was unsure about were the dates that she had been to the Flamingo Club with Curtis. She testified that she was not asked by Lamar to change her testimony in the drug case and that the only thing that she would tell would be the truth. When Lamar gave her the cocaine, she was an addict, and when he gave her the drug nothing was said by him to change her testimony or to influence her testimony.
The State contends that by giving Lar-kins a piece of cocaine and one beer, Lamar was guilty of violating § 13A-10-121. That Code section provides:
“(a) A person commits the crime of bribing a witness if he offers, confers or agrees to confer any thing of value upon a witness or a person he believes will be called as a witness in any official proceeding with intent to:
“(1) Corruptly influence the testimony of that person; ...”
The key words in the statute are “with intent to corruptly influence the testimony....” We do not believe that the State has met the burden of proof as to “intent to corruptly influence,” and we reverse and remand.
A material element of the crime of bribery is the defendant’s intent at the time he attempted to bribe the witness. Maddox v. State, 520 So.2d 143 (Ala.Cr.App.1986). The evidence in this case is insufficient to prove intent to corruptly influence the testimony of Jennifer Larkins. The record is silent as to whether Larkins testified in Case No. 89-324. But, her testimony in this case is clear that had she been called she would have testified, as she put it, “I told him (Lamar) Yeah I would go, but it would be on things that I was sure on. I made that specifically clear.”
We note that the trial judge was quite apprehensive about the sufficiency of the evidence to sustain a prima facie case. He had reservations about a social history between Lamar and Larkins. Yet the record shows that they had known each other for four or five years — both in Samson and in Opp. That does not prove a social history, but it does show that they were not strangers.
The most profound testimony in the case is Jennifer Larkins stating, in effect, that she would tell it like she saw it, and that nothing that was said or done by Lamar would have influenced or changed her testimony in Case No. 89-324. This Court stated in Bell v. State, 461 So.2d 855 (Ala.Cr.App.1984), that the presumption in favor of a jury verdict and judgment of the trial court is not a conclusive presumption. It may be overcome, and it is our duty to reverse if we are convinced that the verdict is so contrary to the great weight of the testimony that the verdict is palpably wrong or unjust. We are of the opinion that the verdict was contrary to the great weight of the evidence.
*1115 The dissent states that the majority weighed the credibility of the witnesses and placed too much emphasis on one portion of the testimony of one witness. With all due respect to the dissent, the one witness, on whom it is said that too much emphasis was placed, was the State’s primary witness and was the one witness who was allegedly bribed. When she testified that she made it specifically clear that she would testify only on the matters that she was sure of, it is safe to conclude that she was not corruptly influenced in her testimony.
The defendant’s motion for judgment of acquittal and motion for judgment of acquittal notwithstanding the verdict should have been granted.
The foregoing opinion was prepared by the Honorable James H. Faulkner, a former Alabama Supreme Court Justice, serving as a Judge of this court, and his opinion is hereby adopted as that of the court.
REVERSED AND REMANDED.
PATTERSON, P.J., and TAYLOR and McMILLAN, JJ., concur.
BOWEN, J., dissents with opinion.
TYSON, J., joins in dissent.